IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. YOUNG, II,

      Plaintiff,

  vs.                        CIVIL ACTION
                                  No. 10-3246-SAC

DANETTA F. MENDENHALL and
MICHAEL J. BARTEE,

      Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a person incarcerated at the Johnson County Adult Detention Center, Olathe, Kansas. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

Plaintiff's motion for leave to proceed in forma pauperis is governed by 28 U.S.C. § 1915(b). Pursuant to 28 U.S.C. §1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposit or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the records, the court finds the average monthly deposit to plaintiff's account is $26.21, and the

average monthly balance is $0.48. The court therefore assesses an initial partial filing fee of $5.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.[1]

Next, because plaintiff is a prisoner, the court is required to conduct a preliminary screening of his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915A(a) and (b). Having conducted that review, the court is considering the dismissal of this action for the following reasons.

Plaintiff names as defendants an assistant district attorney, defendant Mendenhall, and plaintiff's defense counsel, defendant Bartee. He claims that in March 2010, defendant Mendenhall presented a criminal complaint in the District Court of Johnson County, Kansas, that was not supported by the evidence. He also claims that in November 2010, he informed his attorney of violations to his Fourth Amendments rights and that his arrest and detention were unlawful, but his attorney ignored that information and failed to conduct an investigation.

---
[1]
Plaintiff's payments will continue until he satisfies the $350.00 filing fee in this action. These payments will be made in installments calculated pursuant to 28 U.S.C. §1915(b)(2).

As an assistant district attorney, defendant Mendenhall enjoys absolute immunity from an action under § 1983 seeking damages based on any action she took concerning the initiation of criminal charges against plaintiff. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This prosecutorial immunity extends to every action by a prosecutor acting "as an officer of the court" and to those actions "intimately associated with the judicial phase of the criminal process." *Van De Kamp v. Goldstein*, --- U.S. ----, 129 S.Ct. 855, 860-61 (2009). The immunity includes decisions to commence a criminal action, applications made during the pre-indictment process, such as warrant applications, and preparation for trial. *Id.* at 861. Because the actions of defendant Mendenhall in preparing the criminal complaint against plaintiff fall squarely within the activities related to the commencement of criminal charges, she is shielded by prosecutorial immunity.

Defendant Bartee was serving as plaintiff's criminal defense attorney at the time of the events giving rise to the claims against him. A plaintiff seeking relief under § 1983 must establish the deprivation of federal right by a defendant who acted under color of state law. *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 1983). However, neither a public defender nor a private attorney representing a criminal defen-

dant acts under color of state law within the meaning of §1983. *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)(public defender is not a state actor under § 1983); *Ellibee v. Hazlett,* 122 Fed. Appx. 932, 934 (10th Cir. Dec. 13, 2004)(unpublished op.)("Neither public defenders performing their 'traditional functions as counsel to a defendant in a criminal proceeding' nor private attorneys act under color of state law.")(*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)). Accordingly, plaintiff's claims against defendant Bartee also are subject to summary dismissal as his actions were not taken under color of state law.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before February 4, 2011, plaintiff shall submit an initial partial filing fee of $5.00. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that on or before February 4, 2011, plaintiff shall show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 4th day of January, 2011, at Topeka, Kansas.



                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge