IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID LAMONT YOUNG, II,

      Plaintiff,

      vs.                      CIVIL ACTION
                                      No. 10-3246-SAC

DANETTA F. MENDENHALL and
MICHAEL J. BARTEE,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in the Johnson County Adult Detention Center. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

In this action, plaintiff challenges the presentation of a criminal complaint by the defendant assistant district attorney, and he claims that his defense counsel failed to investigate his allegations of violations to his Fourth Amendment rights and claims that his arrest and detention were unlawful. By its earlier order, the court directed plaintiff to show cause why this matter should not be dismissed on the ground that it failed to state a claim for relief.

The court's order explained that the defendant assistant district attorney enjoys absolute immunity from an action under § 1983 for action concerning the initiation of criminal charges and that the defendant defense attorney is not a state actor for purposes of § 1983.

Plaintiff filed an objection (Doc. 5). First, he cites a decision issued by the Kansas Court of Appeals that addressed a prosecutor's allegedly false affidavit used to support an application for an arrest warrant[2]. Plaintiff argues the police reports in this case include statements from a person who was not present at the time of the crime and asserts that the reports contain erroneous statements. He also argues that the

---

[2] *McCormick v. Board of County Com'rs of Shawnee County*, 24 P.3d 739 (Kan. App. 2001), *aff'd in part, rev'd in part*, 35 P.3d 815 (Kan. 2001), *cert. denied*, *McCormick v. Long*, 537 U.S. 841 (2002).

defendant assistant district attorney is liable as a supervisor for the alleged errors in the reports.

A prosecutor has absolute immunity from a suit for damages based on a decision to initiate a criminal prosecution, see *Imbler v. Pachtman*, 424 U.S. 409, 410 (1978) or on a decision not to prosecute. *See Meade v. Grubbs,* 841 F.2d 1512, 1532-33 (10th Cir. 1988)(absolute immunity for alleged failure to initiate civil or criminal action against state officials for civil rights violations).

This immunity applies to the preparation of charging documents, including complaints and a motion for an arrest warrant, if the prosecutor is not "acting as a complaining witness rather than a lawyer when she executed the certification." *Kalina v. Fletcher*, 522 U.S. 118 (1997).

While plaintiff complains the police reports were erroneous, the defendant did not prepare the reports. Furthermore, absolute prosecutorial immunity encompasses claims that the prosecutor "knowingly used false testimony and suppressed material evidence." *Imbler v. Pachtman*, 424 U.S. 409, 413 (1976).

Finally, accepting plaintiff's assertion that the defendant assistant attorney had supervisory authority over the investigating officers, plaintiff's claim nevertheless fails, as a

3

defendant may not be held liable on theory of respondeat superior unless the plaintiff shows the defendant established or was responsible for the operation of a policy; that policy caused the constitutional deprivation alleged; and the defendant acted with the state of mind required to establish the constitutional deprivation. *Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010). Plaintiff has not alleged any facts to support such an assertion.

Having considered the record, the court finds the actions of defendant Mendenhall in preparing and submitting the criminal complaint were taken in the role of an advocate initiating a criminal action. Therefore, the defendant is entitled to absolute immunity, and the plaintiff has not stated a claim for relief against her.

Next, plaintiff claims the defendant defense counsel is an officer of the court. He claims the defendant violated his rights under the Sixth Amendment by providing inadequate representation and contends that he should be liable for such violation.

It is settled that a defense attorney, whether appointed by the court or privately retained, who serves as counsel for a defendant in a criminal proceeding does not act under color of state law. Rather, because such an attorney represents the

client, and not the interests of the state, the attorney is not a state actor and cannot be sued in an action brought under §1983. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981). *See also Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir. 1983)("private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.")  Therefore, the complaint states no cognizable claim against defendant Bartee.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

Copies of this Memorandum and Order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 25th day of February, 2011.

    S/ Sam A. Crow
    SAM A. CROW
    United States Senior District Judge